**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180297-U

Order filed November 19, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0297 Circuit No. 16-CF-1878 |
| LEE E. BLANKENSHIP, | ) ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Carter and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The court conducted an adequate *Krankel* inquiry by questioning defendant and counsel regarding defendant's ineffective assistance claims, in addition to relying on its observation of counsel's trial performance.

¶ 2     Defendant, Lee E. Blankenship, appeals the Will County circuit court's holding that his ineffective assistance of counsel claims did not meet the threshold necessary to warrant the appointment of new counsel, arguing that the *Krankel* inquiry was inadequate because the court failed to question defendant or counsel about counsel's failure to call an allegedly exculpatory

witness and present evidence that defendant was not the leaseholder of the apartment in question. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged defendant with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2016)), alleging that defendant knowingly and unlawfully possessed cocaine.

¶ 5        The evidence established that officers arrested defendant following the execution of a search warrant at 514 South Eastern Avenue in Joliet. The complaint for the warrant alleged that defendant was involved in two controlled drug buys at that address in the previous week. Officers found no contraband on defendant at the time of the arrest, but they found a duffle bag containing a pair of jeans with 0.2 grams of a white powdery substance in one of the pockets. The duffle bag also contained a wallet with defendant's state identification (ID) card.

¶ 6        During a jury trial, three officers testified to their involvement in the case and a forensic scientist testified that the substance found in the jeans tested positive for cocaine. When defense counsel cross-examined one officer about whether defendant was on the lease or paid the bills for the apartment in question, the officer testified that he did not know. When the trial concluded, the jury found defendant guilty of unlawful possession of a controlled substance.

¶ 7        Defendant filed, as a self-represented litigant, a motion for a new trial, alleging, *inter alia*, that he received ineffective assistance when counsel failed to (1) object to the State's misstatement of the facts during rebuttal argument, (2) explain why defendant's mail was at the apartment in question, as he did not reside there, (3) call an allegedly exculpatory witness to testify, and (4) impeach the State's witnesses.

¶ 8        The court conducted a *Krankel* hearing and invited defendant to list each instance of alleged ineffective assistance. Defendant stated that counsel did not subpoena information regarding two

testifying officers who were part of an unrelated case involving falsified drug test results. Counsel informed the court that she investigated this claim and discovered the laboratory technician falsified the results, not the officers. Defendant told the court he wanted counsel to call every officer involved in his arrest. He argued that counsel should have presented evidence that defendant was not the leaseholder of the apartment, to which the court responded that counsel established that point on cross-examination. Defendant also argued that counsel should have called a specific witness to explain why defendant's ID card was found in the apartment. Defendant insisted that counsel should have objected when the State misstated evidence during rebuttal argument. The court responded that it would have told the jury that closing arguments are not evidence. Additionally, defendant wanted counsel to file a motion to suppress, but the court explained that there was nothing to suppress because the officers found nothing on him during the arrest, nor did he make any statements. Finally, defendant argued that counsel was ineffective because she did not appear at several of defendant's court dates and asked for multiple continuances. When defendant finished, he said, "I have been fully heard."

¶ 9       Relying on defendant's statements, counsel's explanation regarding her investigation, and its own observations of counsel's trial performance, the court concluded that defendant had not met the threshold necessary to warrant the appointment of new counsel, finding most of his claims to be matters of trial strategy. The court sentenced defendant to the agreed upon two years' imprisonment, with credit for time served in pretrial custody. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11       Defendant argues the court's *Krankel* inquiry was inadequate because the court failed to question defendant or counsel about counsel's failure to call an allegedly exculpatory witness and present evidence that defendant was not the leaseholder of the apartment in question. We disagree.

3

The court made a sufficient inquiry into the factual basis of defendant's ineffective assistance claims, and properly relied on defendant's and counsel's statements, as well as its observations of counsel's trial performance, when making its determination.

¶ 12    When a defendant raises, as a self-represented litigant, a posttrial ineffective assistance of counsel claim, the circuit court conducts a preliminary *Krankel* inquiry into the claim's factual basis. *People v. Jolly*, 2014 IL 117142, ¶ 29. A *Krankel* inquiry "facilitate[s] the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of trial counsel and thereby potentially limit issues on appeal." *Id.* A proper *Krankel* hearing has two steps: "(1) understanding the defendant's claims and (2) evaluating them for potential merit." *People v. Mays*, 2012 IL App (4th) 090840, ¶ 58. "If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed." *People v. Moore*, 207 Ill. 2d 68, 78 (2003).

¶ 13    On appeal, "[t]he operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel." *Id.* "The issue of whether the circuit court properly conducted a preliminary *Krankel* inquiry presents a legal question that we review *de novo*." *Jolly*, 2014 IL 117142, ¶ 28.

¶ 14    During a *Krankel* inquiry, a court need not question a defendant or counsel regarding every ineffective assistance claim made; instead, a court must "conduct some type of inquiry into the underlying factual basis" of the defendant's claims. *Moore*, 207 Ill. 2d at 79. This can be "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation" or "[a] brief discussion between the trial court and the defendant." *Id.* at 78. A court can also "base its evaluation *** on its knowledge of

4

defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 79.

¶ 15 Here, the court heard defendant list each instance of alleged ineffective assistance, questioned counsel regarding defendant's claim that the testifying officers falsified evidence, and relied on its own trial observations, where counsel cross-examined an officer about the fact that defendant did not live in the apartment. The court was not required to question defendant or counsel about the two specific claims defendant highlights on appeal, as they raised issues of trial strategy that "ultimately rest with trial counsel" and are "generally immune from claims of ineffective assistance of counsel." *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 79. From our review of the record, the court conducted a sufficient *Krankel* inquiry and properly held that defendant failed to meet the requisite threshold to warrant the appointment of new counsel, as defendant's claims pertained to matters of trial strategy. See *Moore*, 207 Ill. 2d at 78.

¶ 16 III. CONCLUSION

¶ 17 The judgment of the circuit court of Will County is affirmed.

¶ 18 Affirmed.